IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DONNA FISHER | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF FREEPORT, TEXAS, | § | CIVIL ACTION NO. |
| DANIELLE KELLY, in her | § | |
| individual and official capacities, and | § | |
| JEFFREY MICHAEL PENA, in his | § | |
| individual capacity. | § | |
| | § | |
| *Defendants* | § | |

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Donna Fisher files this Complaint against the City of Freeport, Texas (the "City"), City Manager Danielle Kelly, and Councilmember Jeffrey Michael Pena and alleges as follows:

I. NATURE OF THE ACTION

1. This is a civil rights action arising from the retaliation against a municipal employee who participated in and was prepared to testify truthfully in an official administrative proceeding. Plaintiff Donna Fisher served the City of Freeport, Texas for approximately nine years, including the last four years as the City's Human Resources Director. In January 2026, Plaintiff was identified as a material witness in proceedings before the Texas Workforce Commission concerning the termination of the City's former City Manager. After Plaintiff was sworn as a witness in that proceeding, the City abruptly placed her on administrative leave and shortly thereafter terminated her employment following the initiation of an internal audit of

her department. The timing and circumstances of Plaintiff's removal demonstrate that Defendants acted in retaliation for Plaintiff's participation in and anticipated testimony during a governmental adjudicatory proceeding, in violation of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

2. Plaintiff seeks redress for the loss of her employment, damage to her professional reputation, and the violation of her constitutional rights.

3. Plaintiff's termination occurred in the context of a highly contentious dispute within the City of Freeport concerning the termination of former City Manager Jerry Lance Petty. Plaintiff's anticipated testimony concerned facts relevant to the City's asserted justification for Petty's termination. Within days of being sworn as a witness, Plaintiff was placed on administrative leave and ultimately terminated following an investigation that Defendants now claim revealed deficiencies in payroll and benefits administration within the Human Resources Department.

II. PARTIES

4. Plaintiff Donna Fisher is a Texas resident and the former Director of Human Resources for the City of Freeport, Texas.

5. Defendant City of Freeport, Texas is a Texas home-rule municipality. The City of Freeport, Texas may be served by serving the City Secretary at 1201 North Avenue H, Freeport, Texas 77541.

6. Defendant Danielle Kelly is the City Manager of the City of Freeport, Texas. She may be served at 1201 North Avenue H, Freeport, Texas 77541.

7. Defendant Jeffrey "Jeff" Michael Pena is an elected City Council Member. Jeffrey Michael Pena may be served by service at 224 West Park Avenue, Apt. 200, Freeport, Texas 77541.

III. JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction exists for related state law claims under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C.§ 1391 because the events occurred in Brazoria County, Texas and the Galveston District of the Southern District of Texas.

IV. DISCOVERY CONTROL PLAN

9. Discovery in this matter will be conducted in accordance with the Federal Rules of Civil Procedure, including rules 26 through 37, and all applicable local rules of the Southern District of Texas.

V. FACTUAL BACKGROUND

Plaintiff's Employment With the City

10. Plaintiff Donna Fisher was employed by the City of Freeport, Texas for approximately nine years, including the last four years as the City's Human Resources Director. In that role, Plaintiff was responsible for the administration of

payroll, employee benefits, personnel policies, and other human resources functions for the City.

11. As Human Resources Director, Plaintiff maintained personnel records, oversaw payroll processing, and worked closely with the City Manager and other senior City officials in administering employment policies and procedures. Throughout her tenure with the City, Plaintiff had no history of disciplinary action.

B. The Termination of City Manager Jerry Lance Petty

12. In 2025, the City terminated its City Manager, Jerry Lance Petty, under circumstances that were publicly disputed within the City government and the community. Petty subsequently sought unemployment benefits through the Texas Workforce Commission ("TWC"), challenging the City's assertion that his termination was based on alleged misconduct.

13. During the same period, the termination of Petty and the surrounding events became the subject of significant dispute within the City government and the community, including disagreements among City officials regarding the circumstances of the termination.

14. Because of her position as Human Resources Director, Plaintiff possessed knowledge relevant to the circumstances surrounding Petty's termination and the City's stated reasons for that action.

15. Plaintiff's anticipated testimony concerned facts relevant to the City's stated justification for Petty's termination, including personnel records maintained by the Human Resources Department.

C. The TWC Proceedings

16. In January 2026, a hearing was conducted before the Texas Workforce Commission concerning Petty's claim for unemployment benefits. Plaintiff was identified as a material witness in those proceedings. Plaintiff, along with Mayor Jerry Cain and Councilman George Matamoros, were sworn as witnesses during the initial hearing conducted on January 9, 2026.

17. The hearing was continued to January 21, 2026, in order to allow additional testimony.

D. Warnings to Witnesses

18. During the continuance between the two hearing dates, counsel representing the City in litigation arising from Petty's termination contacted Mayor Cain and Councilman Matamoros and warned that if they testified in support of Petty they could face unspecified "personal legal consequences." Following these warnings, both officials declined to testify voluntarily at the continued hearing.

19. During this same period, Defendant Peña made numerous oral and written statements concerning the anticipated testimony of Mayor Jerry Cain and Councilman George Matamoros in the Texas Workforce Commission proceedings. These statements were made publicly and were directed toward discrediting the anticipated testimony and discouraging those witnesses from participating in the proceeding.

E. Plaintiff Placed on Administrative Leave

20. On January 15, 2026—between the two scheduled hearing dates—Plaintiff was abruptly placed on paid administrative leave by City Manager Danielle Kelly

pending an alleged review of payroll and benefits administration within the Human Resources Department. The leave notice directed Plaintiff not to access City systems or contact City staff regarding the matters under review. The placement of Plaintiff on administrative leave occurred only days after Plaintiff had been sworn as a witness in the TWC proceeding.

F. Plaintiff Does Not Testify

21. Following her placement on administrative leave, Plaintiff did not testify at the continued hearing held January 21, 2026.

G. The Audit and Termination

22. After placing Plaintiff on leave, the City initiated an internal audit of payroll, leave accrual, and benefits administration within the Human Resources Department. The City ultimately concluded that alleged discrepancies in payroll and benefits administration justified Plaintiff's termination. Plaintiff's employment was terminated shortly thereafter. The audit relied on alleged payroll and benefits discrepancies that the City claimed had occurred over a period of approximately two years.

23. The alleged payroll and benefits discrepancies cited by the City as justification for Plaintiff's termination were not newly discovered issues but concerned payroll and leave administration practices that had existed within the City's systems for an extended period of time prior to January 2026. Despite the existence of these practices, Plaintiff had never previously been disciplined or warned regarding her performance.

## VI. TIMELINE OF RELEVANT EVENTS

24. The events giving rise to this action occurred in rapid succession following Plaintiff's identification as a witness in the Texas Workforce Commission proceedings concerning the termination of former City Manager Jerry Petty:

25. <u>January 9, 2026</u> – A hearing is conducted before the Texas Workforce Commission concerning Petty's unemployment claim. Plaintiff Donna Fisher, Mayor Jerry Cain, and Councilman George Matamoros are sworn as witnesses.

26. <u>Between January 9 and January 21, 2026</u> – During the continuance of the hearing, counsel representing the City contacts Mayor Cain and Councilman Matamoros and warns that testifying could expose them to unspecified "personal legal consequences."

27. <u>January 15, 2026</u> – Plaintiff is placed on paid administrative leave by City Manager Danielle Kelly pending an alleged review of payroll, benefits administration, and leave tracking practices.

28. <u>January 21, 2026</u> – The continued TWC hearing occurs. Plaintiff does not testify.

29. <u>Late January 2026</u> – The City conducts an internal audit of the Human Resources Department concerning payroll and benefits administration.

30. <u>February 2026</u> – Plaintiff's employment is terminated based on the results of the internal audit.

H. PENA'S PUBLIC STATEMENTS CONCERNING THE LITIGATION

P a g e

31. Following Plaintiff's termination, Defendant Jeffrey Michael Peña continued to publicly comment on the dispute surrounding the termination of former City Manager Jerry Petty and the related administrative proceedings. On or about March 9, 2026, Peña published a video broadcast directed to residents of the City of Freeport through social media platforms in which he accused individuals involved in the proceedings of corruption and collusion and referred to Plaintiff's counsel as an "ambulance chasing lawyer." The statements were made while discussing the Texas Workforce Commission proceedings and the anticipated testimony of City officials.

32. In the same broadcast, Peña accused participants in the proceedings of engaging in "corrupt collaboration," a "crooked scheme," and a "kickback grift," statements which were communicated publicly to residents of the City of Freeport. These statements were made while discussing ongoing litigation involving the City and were directed to residents of Freeport.

VII. CAUSES OF ACTION

COUNT 1 – FIRST AMENDMENT RETALIATION 42 U.S.C. § 1983
(Against Defendants Danielle Kelly and the City of Freeport, Texas)

33. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

34. The First Amendment protects a public employee's right to provide truthful testimony in a judicial or administrative proceeding.

35. In January 2026, Plaintiff was identified as a material witness in proceedings before the Texas Workforce Commission concerning the termination of former City Manager Jerry Petty.

36. Plaintiff was sworn as a witness at the initial hearing held January 9, 2026.

37. Plaintiff's anticipated testimony addressed facts relevant to the City's stated justification for Petty's termination.

38. On January 15, 2026, only days after Plaintiff was sworn as a witness, Defendant Danielle Kelly placed Plaintiff on paid administrative leave.

39. Shortly thereafter, the City initiated an internal audit of Plaintiff's department and ultimately terminated Plaintiff's employment.

40. Plaintiff's participation in and anticipated testimony during the TWC proceeding constituted protected speech under the First Amendment.

41. Plaintiff's administrative leave and termination constituted adverse employment actions.

42. Truthful sworn testimony in a judicial or administrative proceeding constitutes speech as a citizen on a matter of public concern protected by the First Amendment. *Lane v. Franks*, 573 U.S. 228 (2014). Plaintiff's sworn participation in the Texas Workforce Commission hearing therefore constituted protected activity under clearly established constitutional law. Testimony in a governmental adjudicatory proceeding addresses matters of public concern and lies at the core of First Amendment protections.

43. The close temporal proximity between Plaintiff's identification as a witness, her administrative leave, and her termination supports a reasonable inference that Plaintiff's protected activity was a substantial or motivating factor in Defendants' actions.

44. Defendants' actions were undertaken under color of state law.

45. As a direct and proximate result of Defendants' conduct, Plaintiff suffered loss of employment, loss of income, damage to her professional reputation, and emotional distress.

46. Plaintiff has also suffered damage to her professional reputation and future employment prospects.

## COUNT II – INTERFERENCE WITH PARTICIPATION IN AN OFFICIAL PROCEEDING 42 U.S.C. § 1983
(Against Defendant Danielle Kelly and the City of Freeport)

47. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

48. The First Amendment protects a public employee from retaliation for participating in or preparing to participate in a judicial or administrative proceeding.

49. Plaintiff's sworn participation in the Texas Workforce Commission hearing constituted participation in an official adjudicatory proceeding.

50. During the continuance of the hearing, witnesses who had been sworn were warned that testifying could expose them to unspecified "personal legal consequences."

51. Shortly thereafter, Plaintiff was placed on administrative leave and ultimately terminated.

52. Defendants' actions were intended to deter and interfere with Plaintiff's participation as a witness in the Texas Workforce Commission proceeding.

53. The removal of Plaintiff from her position during the pendency of the TWC hearing had the foreseeable effect of preventing Plaintiff from providing testimony relevant to the issues being adjudicated.

54. Defendants' conduct deprived Plaintiff of rights secured by the First Amendment and 42 U.S.C. §1983.

## COUNT III – DEPRIVATION OF LIBERTY INTEREST (STIGMA PLUS) FOURTEENTH AMENDMENT

(Against the City of Freeport, Texas and Danielle Kelly)

55. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

56. The Fourteenth Amendment protects a public employee from the deprivation of a liberty interest in her reputation without due process of law.

57. Following Plaintiff's placement on administrative leave, the City publicly justified Plaintiff's termination by asserting that Plaintiff was responsible for systemic payroll and benefits administration failures within the City.

58. The City's termination report accuses Plaintiff of incompetence and neglect in the performance of her duties.

59. These accusations were stigmatizing and harmed Plaintiff's professional reputation.

60. Plaintiff was not provided a meaningful opportunity to clear her name.

61. As a result, Plaintiff was deprived of a constitutionally protected liberty interest without due process of law.

## COUNT IV – MUNICIPAL LIABILITY (MONELL) 42 U.S.C. § 1983

(Against the City of Freeport, Texas)

62. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

63. Defendant Danielle Kelly served as the City Manager of Freeport and exercised final policymaking authority with respect to personnel decisions affecting Plaintiff.

64. Kelly placed Plaintiff on administrative leave and later terminated her employment.

65. Defendant Danielle Kelly, as City Manager, possessed final policymaking authority for employment and personnel decisions affecting City employees, including the authority to place employees on administrative leave and to terminate their employment.

66. The City of Freeport ratified Kelly's actions by adopting and enforcing the termination decision, relying upon the audit findings as justification for Plaintiff's termination, and failing to take any corrective action despite knowledge of the circumstances surrounding Plaintiff's administrative leave and termination. At all relevant times, Kelly's personnel decisions were made on behalf of the City and constituted official municipal policy. The City is therefore liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## COUNT V – DEFAMATION

(Against Jeffrey Michael Pena)

67. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

68. Defendant Peña made public statements concerning Plaintiff's alleged misconduct and responsibility for payroll and administrative failures.

69. Defendant Peña made these statements publicly, including statements made in public meetings and other public forums, where they were communicated to members of the community and individuals within the City government. These statements falsely attributed payroll and administrative failures to Plaintiff and accused Plaintiff of misconduct in the performance of her duties.

70. Defendant Peña further published statements concerning the anticipated testimony of City officials in the Texas Workforce Commission proceedings, accusing individuals associated with the City administration—including Plaintiff—of misconduct and administrative failures.

71. At all relevant times, Defendant Peña held himself out as a City official when making these statements, lending credibility to the accusations and increasing the harm to Plaintiff's professional reputation.

72. These statements were false and defamatory.

73. Peña knew the statements were false or acted with reckless disregard for their truth.

74. The statements harmed Plaintiff's professional reputation and standing in the community.

75. Plaintiff has suffered damages as a result.

PRAYER FOR RELIEF

Plaintiff demands trial by jury on all issues so triable. Plaintiff respectfully requests that the Court grant the following relief: Back pay and lost benefits; Front pay or reinstatement; Compensatory damages; Damages for emotional distress; Reputational damages; Punitive

damages against individual defendants; Attorneys' fees under 42 U.S.C. §1988; A name-clearing hearing; and such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/Clay Dean Thomas*
Clay Dean Thomas
SBN: 24088520

Clay Thomas, PC
15344 West State Highway 21
Douglass, Texas 75943
TEL: (936) 715-7144
FAC: (979) 773-5055
legal@claythomaspc.com