United States District Court
Southern District of Texas
ENTERED
August 07, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| DONNA LEE FISHER, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00072 |
| | § | |
| CITY OF FREEPORT, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION

Pending before me is a motion to dismiss filed by Defendants City of Freeport, Texas (the "City"), Danielle Kelly, and Jeffery Michael Peña. *See* Dkt. 13. Having reviewed the briefing, the record, and the applicable law, I recommend that the motion be granted and the court decline to exercise supplemental jurisdiction over Plaintiff Donna Fisher's state-law defamation claim.

## BACKGROUND[1]

This dispute arises from an adverse employment action. Fisher worked as the City's Human Resources Director for approximately nine years. Kelly is the current City Manager and Peña is a member of the City Council.

In 2025, the City terminated its former City Manager, Jerry Lance Petty. Petty sought unemployment benefits from the Texas Workforce Commission (the "TWC") after his termination. On January 9, 2026, the TWC conducted a hearing concerning Petty's entitlement to unemployment benefits. Because of her position as HR Director, Fisher had knowledge relevant to the circumstances surrounding Petty's termination, and was identified as a material witness. Fisher, Mayor Jerry Cain, and Councilman George Matamoros were sworn into the hearing as witnesses.

[1] These facts are taken from Fisher's complaint. *See* Dkt. 1.

Before Fisher, Cain, or Matamoros provided any testimony, the hearing was continued and scheduled to resume on January 21, 2026. According to Fisher, several events occurred during the continuance. First, the City's lawyer warned Cain and Matamoros that they could face personal legal consequences if they testified in support of Petty when the hearing resumed. Second, Peña made public statements discrediting Cain's and Matamoros's anticipated testimony and discouraged them from participating in the hearing when it resumed. Third, on January 15, 2026, Kelly placed Fisher on paid administrative leave pending a review of payroll and benefits administration within the HR department.

Fisher did not testify at the January 21, 2026 hearing. Neither did Cain or Matamoros. In late January 2026, the City initiated an internal audit of payroll, leave accrual, and benefits administration within the HR department. In February 2026, the City terminated Fisher based on its internal audit findings.

On March 9, 2026, Fisher instituted this suit against Defendants. Fisher brings claims under 42 U.S.C. § 1983 against the City and Kelly for: (1) First Amendment retaliation; (2) First Amendment interference with participation in an official proceeding; and (3) Fourteenth Amendment deprivation of liberty interest (stigma-plus). Fisher also brings a municipal liability claim against the City under 42 U.S.C. § 1983 and a Texas state-law defamation claim against Peña in his individual capacity.

**RULE 12(b)(6) MOTION TO DISMISS**

A defendant may move to dismiss a complaint when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In ruling on a motion to dismiss, my "review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## ANALYSIS

### A. FIRST AMENDMENT CLAIMS

Fisher brings First Amendment claims for retaliation and interference with participation in an official proceeding against the City and Kelly.[2] *See* Dkt. 1 at 8–11. "[C]ourts considering First Amendment interference allegations regularly construe those allegations as part of a First Amendment retaliation claim." *Ordonez v. Gonzalez*, No. EP-23-cv-99, 2024 WL 1250181, at *18 (W.D. Tex. Mar. 25, 2024) (collecting cases). Fisher recognizes that her interference claim is

[2] Fisher's official-capacity claims against Kelly should be dismissed as redundant to her claims against the City. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

intertwined with her retaliation claim. *See* Dkt. 14 at 10. Accordingly, I will analyze both claims under the same framework.

To plead a First Amendment retaliation claim, Fisher must allege that: "(1) she suffered an adverse employment action; (2) her speech involved a matter of public concern; (3) her interest in commenting on matters of public concern outweighs the employer's interest in promoting efficiency; and (4) her speech motivated the employer's adverse action." *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 419 (5th Cir. 2023) (quotation omitted).

Fisher alleges that her "participation in and anticipated testimony during the TWC proceeding constituted protected speech under the First Amendment." Dkt. 1 at 9. Fisher also alleges that "[t]ruthful sworn testimony in a judicial or administrative proceeding constitutes speech as a citizen on a matter of public concern protected by the First Amendment" and that her "sworn participation in the [TWC] hearing therefore constituted protected activity under clearly established constitutional law." *Id.* (citing *Lane v. Franks*, 573 U.S. 228 (2014)).

Fisher's First Amendment retaliation claim must be dismissed because she did not engage in any speech. Fisher alleges that her *anticipated* testimony constitutes protected speech under the First Amendment but admits that she never provided sworn testimony in the TWC proceeding. *See* Dkt. 1 at 6. This is not constitutionally protected activity. Several federal courts of appeals have held "that there can be no First Amendment cause of action where there was no speech by the plaintiff." *Wasson v. Sonoma Cnty. Junior Coll.*, 203 F.3d 659, 662 (9th Cir. 2000); *see also Fogarty v. Boles*, 121 F.3d 886, 890 (3d Cir. 1997) ("A free speech claim depends on speech, and there was none in this case." (cleaned up)); *Barkoo v. Melby*, 901 F.2d 613, 619 (7th Cir. 1990) ("Barkoo provides no authority for the proposition that her free speech rights are deprived in violation of § 1983 when the speech at issue admittedly never occurred."). The Fifth Circuit has also rejected similar claims. *See Castille v. Port Arthur ISD*, 168 F.4th 240, 251 (5th Cir. 2026) (holding that plaintiff who did not provide sworn testimony was not protected by

the First Amendment); *Jones v. Collins*, 132 F.3d 1048, 1053 (5th Cir. 1998) ("[R]etaliation based on . . . perception, in the absence of any actual expression by [Fisher] that is subject to First Amendment protection, does not constitute a constitutional violation").

Fisher relies on *Lane* to avoid dismissal. *See* Dkt. 1 at 9. The clear difference between *Lane* and this case is that, unlike *Lane*, Fisher did not provide any sworn testimony. Moreover, Fisher does not allege that she was "compelled by subpoena" to testify, as was the plaintiff in *Lane*. 573 U.S. at 238. Thus, *Lane* is inapposite.

Fisher also argues, relying on *Lane*, that her "sworn participation" in the TWC proceeding constituted protected First Amendment activity. But *Lane* held only that truthful sworn *testimony* constitutes protected speech; it did not suggest that merely participating in a proceeding without testifying is itself protected activity. Nor have other courts adopted such a rule. To the contrary, courts have rejected the notion that voluntarily participating in a proceeding, absent any testimony, constitutes protected First Amendment activity. *See Whitehead v. City of New York*, 953 F. Supp. 2d 367, 376 n.5 (E.D.N.Y. 2012) (finding that mere participation in an arbitration proceeding was not protected by the First Amendment where the plaintiff never publicly testified). Accordingly, the result remains the same: "[b]ecause [Fisher] denies engaging in any speech, First Amendment protection is not available to [her]." *Adams v. Deloria*, 443 F. Supp. 3d 1093, 1103 (N.D. Cal. 2020).

To the extent Fisher argues that her attendance at the TWC hearing constituted expressive conduct protected by the First Amendment, that argument also fails. The First Amendment protects conduct only when it is "inherently expressive." *Rumsfeld v. Forum for Acad. & Inst'l Rts., Inc.*, 547 U.S. 47, 66 (2006). Mere attendance at a hearing does not satisfy that standard. Nor does Fisher allege that she attended the hearing to convey any message independent of testimony. *See Cook v. Dennis*, No. 1:25-cv-274, 2026 WL 852120, at *8 (E.D. Tex. Mar. 27, 2026) (finding that "mere attendance" at a public meeting was not

inherently communicative and therefore did not constitute expressive conduct). Instead, Fisher alleges only that her anticipated testimony "concerned facts relevant to the City's stated justification for Petty's termination." Dkt. 1 at 4. Those allegations confirm that any message Fisher intended to communicate depended on her testimony, not her attendance. *See The Bail Project, Inc. v. Comm'r, Ind. Dep't of Ins.*, 76 F.4th 569, 575 (7th Cir. 2023) (explaining that expressive conduct must convey a message "without the aid of additional speech"). Accordingly, Fisher's attendance at the TWC hearing cannot be construed as speech on a matter of public concern or as expressive conduct protected by the First Amendment.

As for her interference claim, Fisher alleges that her "sworn participation in the [TWC] hearing constituted participation in an official adjudicatory proceeding"; "[d]uring the continuance of the hearing, witnesses who had been sworn were warned that testifying could expose them to unspecified 'personal legal consequences'"; and "Defendants' actions were intended to deter and interfere with [her] participation as a witness in the [TWC] proceeding." Dkt. 1 at 10–11. Fisher alleges that her "removal . . . from her position during the pendency of the TWC hearing had the foreseeable effect of preventing [her] from providing testimony relevant to the issues being adjudicated." *Id.* at 11. But Fisher pleads no facts making that inference plausible. Fisher does not allege that anyone threatened her, that she intended to testify in support of Petty despite the City's alleged warnings, or that the City sought to prevent her—as opposed to Cain and Matamoros—from testifying. Nor does she explain how being placed on paid administrative leave prevented her from voluntarily appearing at the January 21, 2026 hearing or providing testimony. Instead, Fisher asks me to infer, without supporting factual allegations, that the City intended to interfere with her testimony. Such conclusory and speculative allegations are insufficient to survive a Rule 12(b)(6) motion. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

Because Fisher does not allege that she engaged in any constitutionally protected conduct, and because she offers no facts supporting her belief that the City interfered with her participation in the January 21, 2026 TWC hearing, she fails to state a claim under the First Amendment.

## B. FOURTEENTH AMENDMENT STIGMA-PLUS CLAIM

Fisher also brings a Fourteenth Amendment deprivation-of-liberty-interest claim against the City and Kelly. *See* Dkt. 1 at 11. Fisher alleges that she was "deprived of a constitutionally protected liberty interest without due process of law" when, "[f]ollowing [her] placement on administrative leave, the City publicly justified [her] termination by asserting that [she] was responsible for systemic payroll and benefits administration failures within the City" and accused her "of incompetence and neglect in the performance of her duties." *Id.*

"The stigma-plus doctrine recognizes the liberty interest that an individual has in his good name and reputation." *Babinski v. Sosnowsky*, 79 F.4th 515, 519 n.3 (5th Cir. 2023). To state a stigma-plus claim, Fisher must allege that:

> (1) [s]he was discharged; (2) stigmatizing charges were made against [her] in connection with the discharge; (3) the charges were false; (4) [s]he was not provided notice or an opportunity to be heard prior to the discharge; (5) the charges were made public; (6) [s]he requested a hearing to clear [her] name; and (7) the [City] denied the request.

*Rayborn v. Bossier Par. Sch. Bd.*, 881 F.3d 409, 419 (5th Cir. 2018).

Fisher's Fourteenth Amendment claim against Kelly must be dismissed because "[a] deprivation of liberty claim lies against the government employer, not a government employee or official." *Sims v. City of Madisonville*, 894 F.3d 632, 642 (5th Cir. 2018).

Fisher's Fourteenth Amendment claim against the City should also be dismissed because Fisher does not allege that she requested a name-clearing hearing. Fisher maintains that she "was not provided a meaningful opportunity to clear her name." Dkt. 1 at 11. It is black-letter law that a plaintiff must *request* a name-clearing hearing. *See Campos v. Guillot*, 743 F.2d 1123, 1126 (5th Cir. 1984) ("[A] discharged public employee is entitled to a 'name-clearing' hearing before the

governing body that discharged him whenever stigmatizing charges have been made in connection with his discharge, when no meaningful public hearing was conducted pre-discharge, and when he requests such a hearing.”). Fisher points to her request for a name-clearing hearing in the prayer of her complaint. *See* Dkt. 14 at 11. But such a request must be made to the “governing body that discharged [her],” not to the court. *Campos*, 743 F.2d at 1126. Accordingly, Fisher’s Fourteenth Amendment claim should be dismissed.

* * *

Because Fisher fails to state any constitutional violation, I need not reach the parties’ arguments concerning qualified immunity and *Monell* liability.

### C. The Court Should Decline to Exercise Supplemental Jurisdiction

Having established that Fisher fails to state a claim under federal law, I recommend that this court decline to exercise supplemental jurisdiction over Fisher’s state law defamation claim and “instead dismiss it without prejudice.” *See Duncan v. City of Freeport*, No. 3:23-cv-255, 2024 WL 2819118, at *4 (S.D. Tex. Jan. 23, 2024) (citing 28 U.S.C. § 1367(c)(3)).

### D. Leave to Amend

Although I am recommending dismissal of all Fisher’s constitutional claims, Fifth Circuit precedent requires that Fisher be given leave to amend. *See Ass’n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 394 (5th Cir. 2024) (“Normally, plaintiffs facing a motion to dismiss go through a process of receiving briefing from the movant, conducting research and submitting opposing briefing to the district court, and finally receiving a ruling identifying potential flaws in their original complaint.”).

## CONCLUSION

For the reasons discussed above, I recommend that Defendants’ motion to dismiss (Dkt. 13) be granted as to Fisher’s federal claims, and that the court decline to exercise supplemental jurisdiction over Fisher’s remaining state-law defamation

claim. I further recommend that Fisher be given two weeks from the adoption of this memorandum and recommendation to file an amended complaint.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 7th day of August 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE